### In Re: AGRICULTURAL SECURITY AREA IN EAST LAMPETER TOWNSHIP.

**Joe Esh, Daniel Stoltzfus, Abner Beiler, Elmer Petersheim, Aaron Fisher, David Smucker, Ken Denlinger, Jim Denlinger, David Beiler, Issac Stoltzfus and John Stoltzfus**

v.

**Board of Supervisors of East Lampeter Township, Appellant.**

Commonwealth Court of Pennsylvania.

Argued March 30, 2009.
Decided May 27, 2009.

Randall M. Justice, Lancaster, for appellant.

James S. Tupitza, West Chester, for appellees.

BEFORE: McGINLEY, Judge, LEAVITT, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge McGINLEY.

The Board of Supervisors (Board of Supervisors) of East Lampeter Township (Township) appeals from an order of the Court of Common Pleas of Lancaster County (common pleas court) that reversed the Board of Supervisors' denial of Appellees'[1] petition to create an Agricultural Security Area (ASA) in the Township.

als: Joe Esh; Daniel Stolzfus; Abner Beiler;

On June 27, 2007, Appellees filed a petition to establish an ASA pursuant to the "Agricultural Area Security Law" (Law).[2] Pursuant to Section 4 of the Law, 3 P.S. § 904, the Board of Supervisors created an Agricultural Security Area Advisory Committee (ASAAC).[3] Appellees' petition was referred to the ASAAC and the Township Planning Commission for review and recommendations.[4] Public hearings were conducted on October 30, 2007, and November 14, 2007.

The Board of Supervisors made the following pertinent findings of fact:

1. 100% of the land proposed under the petition is in soil classes I through IV.

2. Several of the farms proposed for inclusion in the ASA are adjacent to an adopted Urban Growth Area or Village Growth Area.

3. Each land owner on the petition proposes to include all of the identified properties in the ASA.

4. All of the land proposed by the property owners is currently being used for agricultural purposes.

5. The only improvements on these properties are farm buildings, farm houses or farm support business structures.

6. Agricultural economic and technological conditions in the community re-main stable. Farming in East Lampeter Township continues to be productive and viable. In addition, the value of farm land is increasing.

7. *East Lampeter has adopted a comprehensive plan which provides for the continuation of agriculture in the Township. This plan directs urban and village style growth away from agricultural areas.* (emphasis added).

8. East Lampeter Township has an effective zoning ordinance which supports the comprehensive plan and prohibits inappropriate development in agricultural areas. (emphasis added).

9. *East Lampeter has not adopted any ordinances which would tend to inhibit normal farming practices.* (emphasis added).

10. A significant number of farms proposed to be included within the ASA are located adjacent to or near Arterial Roads and Major Collector Roads which are expected to be built, relocated, widened or improved in the future.

Board of Supervisors' Decision, November 19, 2007, Findings of Fact (F.F.) Nos. 1–10 at 1–2. The Board of Supervisors concluded that "the creation of an Agricultural Area in East Lampeter Township, as proposed, is unnecessary in order to achieve the purposes of Act 149 ... The Township

---

Elmer Petersheim; Aaron Fisher; David Smucker; Ken Denlinger; Jim Denlinger; David Beiler; Issac Stoltzfus; and John Stoltzfus.

**2.** Act of June 30, 1981, *as amended,* 3 P.S. §§ 901–915.

**3.** Section 4 of the Law, 3 P.S. § 904, provides:

The governing body of any local government may establish an Agricultural Security Area Advisory Committee which shall consist of three active farmers, each representing a different private or corporate farm, and one citizen residing within the unit of local government and one member of the governing body of such local government, who shall serve as the chairman of the committee. Such a committee shall be established when a proposal is received by the governing body for the creation of an agricultural security area. . . .

**4.** The common pleas court noted that "[t]he Planning commission recommended that all but one of the properties identified in the petition be included in the ASA; the [A]SSA[C] recommended inclusion of all the properties." Opinion of the Court of Common Pleas, July 11, 2008, at 1–2.

has adopted appropriate planning tools which will prevent inappropriate development of agricultural lands." Board of Supervisors' Decision, Conclusion at 3.

Appellees appealed and the common pleas court reversed the Board of Supervisors and remanded for the establishment of the ASA:

> We hold that the need for an ASA, whether evaluated in the context of the municipality's comprehensive plans, ordinances, or zoning or other enactments, or the availability of other preservation tools or techniques, is not within the permissible scope of 'other matters which may be relevant' under Section 7(a)(5).
>
> *To hold otherwise and broadly construe 'other matters which may be relevant' to encompass analysis of the need for an ASA would elevate that factor to a discretionary standard able to trump all the specific standards of the AASL [Law].* (emphasis added).

Opinion at 6.

Initially, Section 3 (**Definitions**) of the Law, 3 P.S. § 903, defines the term "ASA" as "[a] unit of 250 or more acres of land used for the agricultural production of crops, livestock and live stock products under the ownership of one or more persons and designated as such by the procedures set forth in this act. . . ."

Section 7 (**Evaluation criteria**) of the Law, 3 P.S. § 907, provides:

(a) **Factors to be considered.**-The following factors shall be considered by the planning commission, advisory committee, and at any public hearing:

(1) Land proposed for inclusion in an agricultural security area shall have soils which are conducive to agriculture. This factor will have been satisfied without further consideration if at least 50% in the aggregate of the land to be included in an agricultural security area falls into one of the following categories: land whose soils are classified in Soil Conservation Service Capability Classes I through IV. . . .

(2) Use of land proposed for inclusion in an agricultural security area shall be compatible with local government unit comprehensive plans. Any zoning shall permit agricultural use but need not exclude other uses.

(3) The landowner may propose to include all of his land, regardless of zoning, in an agricultural security area.

(4) The land proposed for inclusion in the agricultural security area, and any additions which are proposed subsequently, shall be viable agricultural land.

(5) Additional factors to be considered are the extent and nature of farm improvements, anticipated trends in agricultural economic and technological conditions *and any other matter which may be relevant.* (emphasis added).

Before this Court, the Township contends[5] that the common pleas court erred when it failed to recognize that the Board of Supervisors had broad discretion[6] under

---

**5.** This Court's review is limited to a determination of whether the Board committed an error of law and whether necessary findings of fact are supported by substantial evidence. *Piatek v. Pulaski Township*, 828 A.2d 1164 (Pa.Cmwlth.2003), *petition for allowance of appeal denied*, 579 Pa. 706, 857 A.2d 681 (2004).

**6.** The Pennsylvania State Association of Township Supervisors (PSATS) filed an amicus brief and argued that the plain meaning of the statutory language of Section 7(a)(5) of the Law authorizes the local governing body considering an ASA application to weigh "any other matter which may be relevant." PSATS asserts that the above quoted phrase indicated a legislative intent to confer a substantial degree of judgmental latitude upon the governing body.

Section 7(a)(5) of the Law, 3 P.S. § 907, to deny Appellees' petition for the establishment of an ASA. Specifically, the Township asserts that the Board of Supervisors determined that there was not a need for an ASA based upon the Township's land planning, farmland protection and preservation of farming.

This issue was addressed by the common pleas court and ably disposed of in the opinion of the Honorable Margaret C. Miller and joined in by the Honorable President Judge Louis J. Farina. Therefore, this Court shall affirm on the basis of that opinion. *Appeal of Joe Esh, Daniel Stoltzfus, Abner Beiler, Elmer Petersheim, Aaron Fisher, David Smucker, Ken Denlinger, Jim Denlinger, David Beiler, Issac Stoltzfus, and John Stoltzfus v. The Board of Supervisors of East Lampeter Township,* (No. CI–07–12367), filed July 11, 2008.

### *O R D E R*

AND NOW, this 27th day of May, 2009, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed on the basis of the opinion of Judge Margaret C. Miller and joined in by President Judge Louis J. Farina at No. CI–07–12367, —— Pa. D. & C.4th ——, filed July 11, 2008.